UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PETER SABILIA and EARTH POWERED
ENERGY, LLC,

                               Plaintiffs,

          -against-

THOMAS E. RICHMOND, TOM C. PLUMMER,
RONALD J. BROOKS, and PATRICK
CHARLES,

                              Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 2 4 2012

11-CV-739 (JPO)

ORDER ADOPTING
REPORT AND
RECOMMENDATION

J. PAUL OETKEN, District Judge:

      Plaintiffs Peter Sabilia ("Sabilia") and Earth Powered Energy, LLC, ("EPE") brought this lawsuit on February 2, 2011, against Defendants Thomas E. Richmond, Tom C. Plummer, Ronald J. Brooks, and Patrick Charles. Plaintiffs allege that the Defendants fraudulently induced Sabilia to give them his life savings and the equity in his home, totaling $500,000, by promising to secure for Plaintiffs a €35 million loan. (Compl., Dkt. No. 1, ¶¶ 9-10, 16, 19.) The complaint asserts claims for fraud, conversion, equitable and promissory estoppel, negligent misrepresentation, conspiracy, aiding and abetting fraud and conversion, breach of contract, and unjust enrichment. *Id.* at ¶¶ 72-124.

      Now before the Court is *pro se* Defendant Plummer's motion, dated March 23, 2011 and received by the Court's Pro Se Office on March 24, 2011, to (1) dismiss the claims against him, (2) compel arbitration, (3) transfer for improper venue, and, in the alternative, (4) hold an evidentiary hearing on the issues of joinder and venue. (Dkt. No. 31.) Plummer's motion was referred to Magistrate Judge Michael H. Dolinger, who issued a Report and Recommendation

(the "Report", Dkt. No. 26) on the motion. The Report recommended that Plummer's motion to dismiss "be granted as to plaintiffs' claims of negligent misrepresentation, civil conspiracy, aiding and abetting fraud and conversion, and equitable estoppel, and denied in all other respects." *Id.* at 4. The Report further recommended that Plaintiffs be given leave to amend their complaint "(1) to allege a special relationship with Plummer sufficient to sustain their negligent-misrepresentation claim and (2) to allege a claim of aiding and abetting fraud and conversion against Plummer." *Id.* at 91. Plummer filed timely objections (Dkt. No. 28) to the Report, and Plaintiffs responded (Dkt. No. 30).

The Court has reviewed the Report, Plummer's objections to the Report, and the Plaintiffs' response to those objections. For the reasons that follow, the Court ADOPTS the Report and Recommendation in its entirety.

## I. Background

The Report contains a more comprehensive summary of the case; familiarity with that summary is assumed.

According to the complaint, two defendants, Richmond and Plummer, purported to be or represent foreign entities capable of making a loan to Plaintiffs. (Dkt. No. 1 at ¶¶ 12-15.) Richmond claimed to represent a Costa Rican entity called Credito Accesible, SA ("CASA" or "Costa Rican Shell"), and Plummer claimed to represent The Commercial Depository Trust of Switzerland, AG ("CDT" or "Swiss Shell"). *Id.* Neither the Costa Rican Shell nor the Swiss Shell is a named defendant. Plaintiffs allege that both CASA and CDT were mere shell corporations with no ability or intention to make the loan they promised to Plaintiffs. *Id.* at ¶¶ 14-15.

2

Plaintiffs allege that, rather than seek to secure a €35 million loan for Plaintiffs, Defendants misappropriated and dissipated the $500,000 that Sabilia entrusted to them. (Dkt. No. 1.) Defendants then allegedly fabricated excuses for their delay in making the loan in order to stall Plaintiffs from taking legal action. *Id.* at ¶¶ 28-71. Defendants ultimately repaid only $28,000 to Plaintiff Sabilia. *Id.* at ¶ 71.

*Pro se* Defendant Plummer filed an answer and an amended answer. (Dkt. Nos. 4, 8.) He then filed the instant motion. (Dkt. No. 31.) Magistrate Judge Dolinger's Report followed. (Dkt. No. 26.)

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews the Report strictly for clear error where no objection has been made, and will make a *de novo* determination regarding those parts of the Report to which objections have been made. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (citation omitted).

> However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations. Further, the objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal.

*Id.* (citations and quotation marks omitted). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. *Crowell v. Astrue*, No. 08 Civ. 8019, 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011) (citing *Pearson-Fraser v. Bell Atl.*, No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003)).

3

*De novo* review of a magistrate's Report does not require that the Court conduct a *de novo* hearing on the underlying issues. *Marine v. Barnhart*, No. 00 Civ. 9392, 2003 WL 22434094, at *1 (S.D.N.Y. Oct. 24, 2003) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). Rather, Congress intended "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *Raddatz*, 447 U.S. at 676. Further, courts have held that even when exercising *de novo* review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections . . . ." *LaBarbera v. D. & R. Materials Inc.*, 588 F. Supp. 2d 342, 344 (E.D.N.Y. 2008) (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 Fed. Appx. 230, 232 (2d Cir. 2006)).

### III.   Defendant Plummer's Objections

Defendant Plummer submitted thirteen objections to the Report. (Dkt. No. 28.) The objections are not clearly articulated on all points, but the discernible arguments that Plummer raises are considered below, along with Plaintiffs' responses.

#### A.   Plummer's Objections 2-4 and 6-10

Plummer's objections two through four and six through ten are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *See McDonaugh*, 672 F. Supp. 2d at 547 (citation omitted). Accordingly, the corresponding areas of the Report are reviewed only for clear error. *See Crowell*, 2011 WL 4863537, at *2 (citing *Pearson-Fraser v. Bell Atl.*, No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003)).

4

These objections assert that Judge Dolinger erred in not recommending the granting of Plummer's motion[1] with regard to (objection two) contractual privity, veil-piercing, and agency (*compare* Dkt. No. 31 at 8-15 *with* Dkt. No. 28 at ¶ 4 and accompanying text); (objection three) venue and the purported arbitration agreement (*compare* Dkt. No. 31 at 15-24, 32-36 *with* Dkt. No. 28 at ¶ 5); (objection four) Plaintiffs' purported failure to plead sufficient facts under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to support claims for fraud and negligent misrepresentation (*compare* Dkt. No. 31 at 36-45, 50-52 *with* Dkt. No. 28 at ¶¶ 7-15); (objection six) Plaintiffs' purported failure to state a claim for conversion (*compare* Dkt. No. 31 at 45-48 *with* Dkt. No. 28 at ¶¶ 17-19); (objection seven) Plaintiffs' purported failure to state claims for equitable and promissory estoppel (*compare* Dkt. No. 31 at 48-50 *with* Dkt. No. 28 at ¶¶ 20-22); (objection eight) Plaintiffs' purported failure to state a claim for conspiracy (*compare* Dkt. No. 31 at 52-55 *with* Dkt. No. 28 at ¶ 23); (objection nine) Plaintiffs' purported failure to state a claim for aiding and abetting fraud and conversion (*compare* Dkt. No. 31 at 55-56 *with* Dkt. No. 28 at ¶¶ 24-26); and (objection ten) Plaintiffs' purported failure to state a claim for unjust enrichment (*compare* Dkt. No. 31 at 59-60 *with* Dkt. No. 28 at ¶¶ 27-28).

Defendant Plummer's reiteration of these arguments creates no need for *de novo* review of the Report. Reviewing the portions of the Report related to objections two through four and six through ten, the Court finds no clear error.

### B. Plummer's Objections 1, 5, and 11-13

Defendant Plummer's first, fifth, eleventh, twelfth, and thirteenth objections do more than raise "merely perfunctory responses argued in an attempt to engage the district court in a

---

[1] Several of Plummer's objections reiterate his initial arguments over issues on which the Report *does* recommend granting his motion to dismiss: negligent misrepresentation, equitable estoppel, conspiracy, and aiding and abetting fraud and conversion. (Dkt. No. 26 at 4.)

rehashing of the same arguments set forth in the original petition." *McDonaugh*, 672 F. Supp. 2d at 547 (citation omitted). However, these objections are also meritless.

### 1. Plummer's First Objection: Written and Oral Agreements and Request for an Evidentiary Hearing

Plummer's first objection asserts that Magistrate Judge Dolinger (1) should have determined that the written loan agreement was valid, (2) should not have determined that an oral agreement among the parties was valid, and (3) should not have recommended against holding an evidentiary hearing. (Dkt. No. 28 at ¶¶ 1-3.)

#### a. Non-Recognition of the Written Agreement

Plummer attached to his motion a purported written loan agreement and argued that its arbitration clause controls the instant dispute. *Id.* Magistrate Judge Dolinger determined that that document was insufficient to show a valid agreement to arbitrate.[2] As the magistrate judge explained, when deciding a motion to compel arbitration, a court must first address "whether the parties agreed to arbitrate." (Dkt. No. 26 at 16 (quoting *Rodriguez v. Four Seasons Hotels, Ltd.*, 2009 WL 2001328, at *3 (S.D.N.Y. July 10, 2009).) Further, "[t]he party seeking to compel arbitration has the burden of demonstrating by a preponderance of the evidence the existence of an agreement to arbitrate." (Dkt. No. 26 at 17 (quoting *Butto v. Collecto, Inc.*, __ F. Supp. 2d __, 2011 WL 3557310, at *2 (E.D.N.Y. Aug. 15, 2011)).

Judge Dolinger determined that "Plummer [had] fail[ed] to demonstrate the existence of such an agreement" to arbitrate. (Dkt. No. 26 at 17.) This determination rested in part on the fact that the version of the purported agreement attached to Plummer's motion was signed by

---

[2] Though Magistrate Judge Dolinger determined that Plummer failed to meet his burden of showing an agreement to arbitrate (Dkt. No. 26 at 17), the magistrate judge also determined that Plaintiffs' claim that Defendants breached the loan agreement was sufficient to survive Plummer's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 26 at 71-75). Thus, according to the Report, the purported loan agreement is (1) insufficient to decide the arbitration question, but (2) sufficiently pleaded for Rule 12(b)(6) purposes.

only Plaintiff Sabilia on behalf of EPE. *Id.* at 18. "Hence it is not clear that the contract that Plummer cites was ever fully executed. It follows that he has not demonstrated that the parties to this lawsuit agreed to arbitrate under that contract." *Id.* Moreover, since neither Plummer nor CDT was identified as a party to that contract, "even if the contract had been fully executed and binding as to arbitration, it is not clear that plaintiffs and Plummer would have been bound to arbitration under the agreement" or "that Plummer would have the right to enforce the contract's arbitration clause in his individual capacity." *Id.* The Report states that "Plummer has not provided sufficient evidence – or any evidence – to demonstrate that this case presents [] an exceptional circumstance" under which non-signatories may enforce arbitration agreements. *Id.* at 19 (citing *Butto*, 2011 WL 3557310, at *2).

Plummer objects, without any substantive support, that the purported written agreement does control the case. (Dkt. No. 28 at ¶¶ 1-3 (arguing that "[t]he inescapable 'elephant in the room' in this case is . . . the written contract sued under.").) This general and conclusory objection is not enough to demand *de novo* review. *See Crowell*, 2011 WL 4863537, at *2. Magistrate Judge Dolinger's reasons for disregarding the purported written agreement are sound and inescapable. The Court adopts the Report's conclusion that Plummer failed to demonstrate the existence of an arbitration agreement that he can enforce.

### b. Recognition of an Oral Agreement

Plummer further objects that the Magistrate Judge erred by recognizing an oral agreement between Plaintiffs and Plummer. (Dkt. No. 28 at ¶¶ 1, 3.) The Report discusses this agreement

7

in the context of Plummer's Rule 12(b)(6) motion to dismiss Plaintiffs' first breach-of-contract claim.[3]

Courts deciding a motion under Federal Rule of Civil Procedure 12(b)(6) assume the truth of the complaint's well-pleaded factual allegations and draw all reasonable inferences against the movant. *E.g., Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006); *Still v. DeBueno*, 101 F.3d 888, 891 (2d Cir. 1996). The complaint may not rely, however, on allegations that are only bare legal conclusions. *See Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 317 n.1 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)). To survive a motion to dismiss, a complaint's well-pleaded factual allegations must, if credited, make a claim "plausible." *See Iqbal*, 129 S. Ct. at 1949. The complaint must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Starr*, 592 F.3d at 321 (quoting *Iqbal*, 129 S. Ct. at 1949). A court addressing a Rule 12(b)(6) motion may not consider evidence proffered by any party. *E.g., Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Healthcare Fin. Grp., Inc. v. Bank Leumi USA*, 699 F. Supp. 2d 344, 347 (S.D.N.Y. 2009) (citation omitted). The Court is limited to reviewing the complaint, any documents attached to the complaint or incorporated in it by reference, any documents that are "integral" to the plaintiff's allegations even if not explicitly incorporated by reference, and facts of which the Court may take judicial notice. *See, e.g., ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Roth*, 489 F.3d at 509.

Here, Plaintiffs' first breach-of-contract claim concerned Defendants' breach of an agreement to return Plaintiffs' $500,000. While no fully executed written agreement on this issue was attached to any party's pleading, Plaintiffs' complaint alleged that, in a series of oral

---

[3] As discussed below, Magistrate Judge Dolinger construed the complaint as raising two breach-of-contract claims. The oral agreement that Plummer objects to here relates to the first of these claims. The second involves the written loan agreement.

8

conversations and emails, Defendants Richmond and Plummer promised to return Plaintiffs' escrowed funds. (Dkt. No. 1 at ¶¶ 117-21.) Plaintiffs claim that their duty under the contract was to forebear from "enforcing their rights." (*Id.* at ¶¶ 118-19.) Drawing all reasonable inferences in favor of the plaintiffs, Magistrate Judge Dolinger determined that the "plaintiffs plausibly allege the existence of a contract to return the $500,000.00 in escrowed funds in exchange for their forbearance from asserting any rights to such funds for a reasonable time." (Dkt. No. 26 at 71.)

Plummer raises only a general objection to the Report's recognition of an oral agreement. (Dkt. No. 28 at ¶¶ 1-3 (accusing the magistrate judge of "'read[ing] in' a varying oral contract from Objector's hidden motives").) This objection is unpersuasive. Because courts deciding a Rule 12(b)(6) motion to dismiss must draw all reasonable inferences in favor of the non-moving party, *Achtman*, 464 F.3d at 337, Magistrate Judge Dolinger correctly determined that Plaintiffs' first breach-of-contract claim must survive Plummer's motion to dismiss. The Court adopts the Report's recommendation on this issue.

### c.   Evidentiary Hearing

Defendant Plummer also objects that Magistrate Judge Dolinger erred in recommending that the Court deny Plummer's request for an evidentiary hearing that would establish the validity of the written contract. (Dkt. No. 28 at ¶ 3.) In his motion, Plummer requested an evidentiary hearing to determine whether the written agreement mandates arbitration and whether this Court is a proper venue for the matter. (Dkt. No. 31 at 32-35.)

In the Second Circuit, a district court has discretion to choose whether to hold an evidentiary hearing or rely on pleadings and affidavits. *See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) ("The district court's denial of an

9

evidentiary hearing is subject to an abuse of discretion standard of review." (citation omitted)); *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) ("If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of [venue]. But if the court holds an evidentiary hearing . . . the plaintiff must demonstrate [venue] by a preponderance of the evidence." (quoting *CutCo Indus. v. Naughton*, 806 F.2d 361, 364-65 (2d Cir. 1986)) (alteration in original)).

Magistrate Judge Dolinger's Report makes clear why an evidentiary hearing is unnecessary: as noted above, the purportedly venue-determinative arbitration "agreement" was not signed by anyone other than Plaintiff Sabilia. (Dkt. No. 26 at 18.) Plummer's objection that an evidentiary hearing should be held is, in substance, a "merely perfunctory response[] argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *See McDonaugh*, 672 F. Supp. 2d at 547 (citation omitted). Accordingly, Magistrate Judge Dolinger's non-recommendation[4] of an evidentiary hearing is reviewed only for clear error. Because the holding of an evidentiary hearing on venue is a matter of court discretion and because Magistrate Judge Dolinger has supplied ample reason for not holding such a hearing, the Court finds no error in the Report on this point. The Court will hereby adopt the Report to the extent it addresses Plummer's request for an evidentiary hearing, and no evidentiary hearing will be held.

### 2. Plummer's Fifth Objection: Statute of Frauds

While Plaintiffs' original breach-of-contract claim concerned Defendants' promises to return Plaintiff Sabilia's $500,000, Magistrate Judge Dolinger construed the complaint as also raising a second breach-of-contract claim as to Defendants' initial promise to secure for

---

[4] Magistrate Judge Dolinger does not explicitly address Plummer's request for an evidentiary hearing but only recommends that Plummer's motion be granted in certain respects, which do not include the holding of an evidentiary hearing, and denied in all others. (Dkt. No. 26 at 4.)

10

Plaintiffs a €35 million loan. (Dkt. No. 26 at 71-75.) In his motion, Plummer made certain assertions that Magistrate Judge Dolinger construed as raising an affirmative defense under the Statute of Frauds as to this second breach-of-contract claim. (Dkt. No. 26 at 73-74, 78-79.) Specifically, Plummer argued that "Plaintiffs have not plead [sic] that any writing confirming the requested financing . . . was ever finalized" and that "other than a conclusory allegation of a <u>verbal</u> contract to return the escrow funds, no contract is mentioned in the Complaint." (Dkt. No. 31 at 49, 57 (citations omitted).)

Magistrate Judge Dolinger determined that "it is improper for the court to consider Plummer's affirmative defense at this time. An affirmative defense, such as the Statute of Frauds, may be raised by a motion to dismiss under Rule 12(b)(6) . . . only if the defense appears on the face of the complaint." *Id.* at 73 (citations omitted). Magistrate Judge Dolinger did not determine that such a defense appears on the face of the complaint here.

Plummer's fifth objection argues that, indeed, a Statute of Frauds defense does appear on the face of the complaint. (Dkt. No. 28 at ¶ 16.) Plummer then cites numerous cases in a paragraph that spans three pages, but he never gives any indication as to how a Statute of Frauds might appear from the face of this complaint. *Id.* Plummer's objection is a bare conclusory statement that the magistrate judge erred. (Dkt. No. 28 at ¶ 16 and accompanying text (stating that "the magistrate fails to correctly apply New York law on the Statute of Frauds"). However, because Plaintiffs' second breach-of-contract claim and Plummer's Statute-of-Frauds argument were recognized for the first time in the Report, the objection process is, in a sense, Plummer's first opportunity to fully articulate a Statute-of-Frauds defense. Accordingly, the Court reviews Plummer's fifth objection *de novo*.

The New York Statute of Frauds establishes that

> Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:
> 1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime;
> 2. Is a special promise to answer for the debt, default or miscarriage of another person;
> 3. Is made in consideration of marriage, except mutual promises to marry;
> 4. [Repealed]
> 5. Is a subsequent or new promise to pay a debt discharged in bankruptcy;
> 6. Notwithstanding section 2-201 of the uniform commercial code, if the goods be sold at public auction, and the auctioneer at the time of the sale, enters in a sale book, a memorandum specifying the nature and price of the property sold, the terms of the sale, the name of the purchaser, and the name of the person on whose account the sale was made, such memorandum is equivalent in effect to a note of the contract or sale, subscribed by the party to be charged therewith;
> 7, 8. [Repealed]
> 9. Is a contract to assign or an assignment, with or without consideration to the promisor, of a life or health or accident insurance policy, or a promise, with or without consideration to the promisor, to name a beneficiary of any such policy. This provision shall not apply to a policy of industrial life or health or accident insurance.
> 10. Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the creating of a partnership interest. "Negotiating" includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. This provision shall apply to a contract implied in fact or in law to pay reasonable compensation but shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman.

N.Y. Gen. Oblig. Law § 5-701(a) (Consol. 2011).

An affirmative defense, such as a Statute-of-Frauds argument, may be raised by a Rule 12(b)(6) motion only if the defense appears on the face of the complaint. *See, e.g., Intuition Consolidated Group, Inc. v. Dick Davis Publishing Co.*, 2004 WL 594651, at *1 n.2 (S.D.N.Y.) ("[T]he Second Circuit has approved the consideration of an affirmative defense on a motion to dismiss pursuant to Rule 12(b)(6) if the defense appears on the face of the complaint." (citing

*Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147 (2d Cir. 2003); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir.1998))).

Construing Plummer's motion as asserting the strongest arguments it suggests, *see, e.g., Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001), the Court interprets the motion as raising a Statute-of-Frauds defense as to both of Plaintiffs' breach-of-contract claims.

### a.     Plaintiffs' Expressly Pleaded Breach-of-Contract Claim

As noted above, Plaintiffs' complaint expressly raises a breach-of-contract claim concerning Defendants' breach of an agreement to return Plaintiffs' $500,000 in exchange for Plaintiffs' forebearance from "enforcing their rights." (Dkt. No. 1 at ¶¶ 117-21.) This contract was not manifested by a fully executed writing, but neither did the contract fit any of the seven categories of agreement named in New York's Statute of Frauds. The agreement was not, "by its terms not to be be performed within one year . . . or . . . before the end of a lifetime." N.Y. Gen. Oblig. Law § 5-701(a) (Consol. 2011). It was not a promise to answer for an obligation of another person. *See id.* It was not "made in consideration of marriage." *See id.* It was not a "new promise to pay a debt discharged in bankruptcy." *See id.* It did not concern goods sold at auction or an insurance policy. *See id.* Finally, it was not "a contract to pay compensation for services rendered in negotiating a loan" or in negotiating any other sort of agreement. *See id.*

The breach-of-contract claim expressly pleaded in the complaint concerned an agreement that does not fit any of the categories described by the New York Statute of Frauds. Accordingly, no Statute-of-Frauds defense appears on the face of the complaint as to that claim.

### b.     Plaintiffs' Second Breach-of-Contract Claim

As also noted above, Magistrate Judge Dolinger construed the complaint as raising a second breach-of-contract claim as to Defendants' initial promise to secure for Plaintiffs a €35

13

million loan. (Dkt. No. 26 at 71-75.) Plaintiffs allege that "the defendants represented to the plaintiffs that if they provided the defendants with $500,000, the defendants would, in return, provide a loan to the plaintiffs of €35 million loan . . ." and that Plaintiffs signed a loan agreement and fulfilled their obligations under it. (Dkt. No. 1 at ¶¶ 16, 24.) Plaintiffs further allege Defendants' breach by failing to provide a €35 million loan. *E.g.*, *id.* at ¶¶ 16, 69-71.

The loan agreement described in the complaint was not, "by its terms not to be be performed within one year . . . or . . . before the end of a lifetime"; was not a promise to answer for an obligation of another person; was not "made in consideration of marriage"; was not a "new promise to pay a debt discharged in bankruptcy"; and did not concern goods sold at auction or an insurance policy. *See* N.Y. Gen. Oblig. Law § 5-701(a) (Consol. 2011). Nor was it "a contract to pay compensation for services rendered in negotiating a loan" or in negotiating any other sort of agreement. *Id.* Rather, the contract allegedly breached was itself a loan agreement. (Dkt. No. 1 at ¶¶ 16, 24.)

The Court concludes that no Statute-of-Frauds defense appears on the face of the complaint as to either of Plaintiffs' breach-of-contract claims. For this and other reasons discussed herein, the Court adopts the Report's recommendation to deny Defendant Plummer's motion to dismiss Plaintiffs' breach-of-contract claims.

### 3.   Plummer's Eleventh Objection: Parol Evidence

In Plummer's eleventh objection, he charges that "[t]he magistrate seems to ignore New York's Parol Evidence Rule when inferring both privity and agency from the face of the pleading." (Dkt. No. 28 at ¶ 29.) Plummer then cites twenty-three cases but does not explain how he believes Magistrate Judge Dolinger ran afoul of any rule. *Id.*

14

In fact, the Report is well reasoned on both the contractual and agency relationships among the parties. The Report's recommendations that relate to contract and agency concern the Rule 12(b)(6) portions of Plummer's motion. In examining these parts of the motion, Magistrate Judge Dolinger expressly and appropriately ignored all "evidence proffered by the moving party or its opponent." (Dkt. No. 26 at 26 (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Healthcare Fin. Grp., Inc. v. Bank Leumi USA*, 669 F. Supp. 2d 344, 347 (S.D.N.Y. 2009).) Because federal courts do not consider evidence when deciding Rule 12(b)(6) motions, no jurisdiction's parol evidence rule is relevant to the Court's consideration here. Under either a clear error or *de novo* standard of review, Plummer's eleventh objection has no merit.

### 4. Plummer's Twelfth Objection: Magistrate Judge's Alleged Discourtesies

In his twelfth objection, Defendant Plummer complains that Magistrate Judge Dolinger underlined the term "*pro se*" in the Report and referred to Plummer's motion as "rambling and convoluted." (Dkt. No. 28 at ¶¶ 42-43.)

Plummer incorrectly assumes that Magistrate Judge Dolinger underlined the term "*pro se*" in order to emphasize Plummer's unrepresented status. *Id.* In fact, that term was underlined because it is foreign in origin. *See* The Bluebook: A Uniform System of Citation R. 7(b), at 83 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010).

Plummer complains that Magistrate Judge Dolinger's negative characterization of Plummer's motion (as "rambling and convoluted" and as presenting "overlapping grounds for dismissal") was "intended to send a clear message to district court [sic]; 'no need to bother reading and weighing all this'. 'it's only garbage.'" (Dkt. No. 28 at ¶ 43.)

Judges are obliged to "be patient, dignified, respectful, and courteous to litigants . . . ." Code of Conduct for United States Judges Canon 3A(3). Moreover, "a court is ordinarily

obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (citations omitted). However, Magistrate Judge Dolinger has not violated these commands. His accurate commentary concerned only the content of Plummer's motion, which was the appropriate subject of the Report. Further, there is no indication that Magistrate Judge Dolinger accorded anything less than "special solicitude" to Defendant Plummer. Accordingly, the Court rejects Plummer's twelfth objection.

### 5. Plummer's Thirteenth Objection: Report's Recommendation of Leave for Plaintiffs to Replead

In his thirteenth objection, Plummer argues that Magistrate Judge Dolinger's criticisms of his motion could not have been accurate since the Report recommends granting the motion in certain respects. (Dkt. No. 28 at ¶ 46.) This contention is meritless. The fact that a motion may be "rambling and convoluted" is not inconsistent with a conclusion that aspects of such a motion may have merit.

The objection goes on to comment on the Report's recommendations of leave for Plaintiffs to amend their complaint to support claims for negligent misrepresentation and aiding and abetting fraud and conversion. *Id.* at ¶ 48. Plummer characterizes these recommendations for leave to replead as "coaching" for the plaintiffs and complains that he, as a *pro se* defendant, was not given similar advice. *Id.* at ¶¶ 48-49.

Permitting a plaintiff to amend a complaint is in a court's "sound discretion." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Moreover, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). Thus Magistrate Judge Dolinger made an appropriate recommendation of leave for the plaintiffs here to replead. There

is no need to grant any similar leave to Defendant Plummer, who may of course oppose or otherwise respond to any amended pleading from the plaintiffs. The Report provided no inappropriate advice or "coaching" to the plaintiffs, just as none should have been provided to Plummer.

## IV.   Conclusion

The Court has reviewed the remaining portions of Magistrate Judge Dolinger's thorough and well-reasoned Report, to which no objections were made, and finds no clear error on the face of the record. Judge Dolinger has made appropriate recommendations that the Court grant Plummer's motion in part and deny it in part.

Accordingly, Defendant Plummer's motion to dismiss is granted as to Plaintiffs' claims of negligent misrepresentation, civil conspiracy, aiding and abetting fraud and conversion, and equitable estoppel, and his motion is denied in all other respects. Plaintiffs are granted leave to amend their complaint (1) to allege a special relationship with Plummer sufficient to sustain their negligent-misrepresentation claim and (2) to allege a claim of aiding and abetting fraud and conversion against Plummer.

The Clerk of Court is respectfully directed to close the motion at docket entry number 31.

Dated: New York, New York
       January 24, 2012

_____
J. PAUL OETKEN
United States District Judge